IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **EDWIN DRURY** | * |
| 7973 Catherine Avenue | |
| Pasadena, Maryland 21122 | * |
| | |
| *Plaintiff* | * |
| | |
| v. | * |
| | |
| **OFFICER P. DZIWANOWSKI (P1588)** | * |
| Anne Arundel County Police Department | |
| Eastern Platoon 1 | * |
| 204 Pasadena Road | |
| Pasadena, Maryland 21122 | * |
| | |
| **CORPORAL W. HICKS (#1503)** | * |
| Anne Arundel County Police Department | |
| Eastern Platoon 1 | * |
| 204 Pasadena Road | |
| Pasadena, Maryland 21122 | * |
| | |
| **ANNE ARUNDEL COUNTY, MARYLAND** | * |
| | |
| Nancy McCuthan Duden, County Attorney | * |
| Anne Arundel County Office of Law | |
| 2660 Riva Road, 4th Floor | * |
| Annapolis, MD 21401 | |
| | * |
| *Defendants* | *      Civil Action No. |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**COMPLAINT AND DEMAND FOR JURY TRIAL
FOR MONETARY DAMAGES FOR VIOLATION OF
PLAINTIFF'S CIVIL RIGHTS**

NOW COMES Plaintiff, Edwin Drury, by and through his undersigned counsel, Anton L.

Iamele and IAMELE & IAMELE, LLP, and hereby sues Defendants, Anne Arundel County Police

Officers P. Dziwanowski (Identification Number 1588) and Corporal W. Hicks (Identification

Number 1503) and Defendant Anne Arundel County, Maryland, and as reasons states as follows:

## Introduction

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Anne Arundel County Police Officers Dziwanowski and Hicks, in their individual and official capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law.

2. It is alleged that the individual defendants named herein made an unreasonable seizure of the person of Plaintiff Edwin Drury, thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that the defendants named herein employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

3. Defendant Anne Arundel County Maryland is liable due to its acquiescence, tolerance, promotion, and furtherance of the known patterns of unlawful conduct, unconstitutional stops, detentions, seizures, and excessive force, as well as, additional acts and omissions that established policies and customs which proximately caused Plaintiff's injuries. Defendant Anne Arundel County Maryland is also liable for failing to adequately train, supervise, and discipline the known officers in an effort to deter and/or prevent the unconstitutional and illegal conduct of the officers as described herein.

4. Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that occurred in Anne Arundel County, Maryland.

5.  On July 28, 2014, notice of the claims advanced herein was posted in accordance with Maryland's Local Government Tort Claims Acts to the Office of the County Attorney for Anne Arundel County. This notice letter was received by the Office of the County Attorney, and subsequently acknowledged through an August 21, 2014 correspondence authored by Andrew J. Murray, Supervising County Attorney.

## Parties

6.  Plaintiff Edwin Drury is a citizen of the State of Maryland residing at 7973 Catherine Avenue, Pasadena, Maryland 21122.

7.  Defendant P. Dziwanowski is a duly authorized agent, servant, and/or employee of the Anne Arundel County Police Department working out of Eastern Platoon 1, 204 Pasadena Road, Pasadena, Maryland 21122. At all times relevant to this Complaint, Defendant Dziwanowski was acting within the scope and course of employment as a member of the Anne Arundel County Police Department. He is sued in this case both independently and in his official capacity.

8.  Defendant W. Hicks is a duly authorized agent, servant, and/or employee of the Anne Arundel County Police Department working out of Eastern Platoon 1, 204 Pasadena Road, Pasadena, Maryland 21122. At all times relevant to this Complaint, Defendant W. Hicks was acting within the scope and course of employment as a member of the Anne Arundel County Police Department. He is sued in this case both independently and in his official capacity.

9.  Defendant Anne Arundel County Maryland is a governmental entity duly incorporated under the laws of Maryland, which was responsible for promulgating customs, procedures, and protocols for the Anne Arundel County Police Department. At all times relevant to this Complaint, Defendant Anne Arundel County Maryland was also responsible for training and

supervising its police officers including, but not limited to, Defendant Dziwanowski and
Defendant Hicks

## Facts

10. The unfortunate circumstances giving rise to this case flow from the unscrupulous
conduct of nonparties and an ensuing dispute about a 2001 Hudson trailer.

11. It appears that, at some point in calendar year 2014, a woman named Cathy Jo West sold
the Hudson trailer to James Bradford for the sum of $1,500.00. Mr. Bradford claims that he was
advised the Hudson trailer would be available for pickup from 8257 New Cut Road after the time
of his transaction with Cathy Jo West. According to Mr. Bradford, when he traveled to the
agreed location to retrieve the trailer, Ms. Dale West refused to allow him access to the property.

12. In a separate transaction a woman named Dale West contacted Plaintiff Drury and
directed him to come to her property at Quarterfield Road for purposes purchasing the Hudson
trailer. Plaintiff Drury traveled to the location and tendered an agreed purchase price of
$2,500.00. Ms. Dale West provided Plaintiff Drury with a signed bill of sale; removed chains
and locks that were securing the Hudson trailer; and advised Mr. Drury that she would forward
the title upon receipt from her attorney.

13. Neither of the would-be purchasers was aware of the other transaction. At all times
relevant to this Complaint, Mr. Drury was acting under the belief that he had a proper and lawful
ownership interest in the Hudson trailer.

14. On or about April 22, 2014, James Bradford learned that the Hudson trailer was no longer
present at 8257 New Cut Road. He then contacted Defendant Dziwanowski and/or Defendant
Hicks directly to request that they intervene on his behalf.

15. Mr. Bradford advised the Defendant Dziwanowski and/or Defendant Hicks that he had spoken with a neighbor of Cathy Jo West. Mr. Bradford claimed that this person had advised him that a truck with an insignia "High Noon Paving" had towed the trailer from the scene. Mr. Bradford further advised Defendant Dziwanowski and/or Defendant Hicks that he had researched the company and identified the address of High Noon Paving as 7973 Catherine Avenue, Pasadena, Maryland.

16. On or about April 23, 2014, Defendant Dziwanowski, or alternatively, Defendant Hicks traveled with Mr. Bradford to Plaintiff Drury's home at 7973 Catherine Avenue. At the time of their arrival at the Catherine Avenue address, Plaintiff Drury was at work away from the premises.

17. The Hudson trailer was not present at the property.

18. Defendant Dziwanowski, or alternatively, Defendant Hicks spoke with Plaintiff Drury's wife who acted, in turn, to contact her husband by telephone. During the ensuing telephonic conversation, Defendant Dziwanowski, or alternatively, Defendant Hicks (1) demanded Plaintiff Drury's name, date of birth, and telephone number; (2) advised Plaintiff Drury that the Hudson trailer belonged to Mr. Bradford, and (3) instructed Mr. Drury to turnover the trailer to Mr. Bradford by the following day. Defendant Dziwanowski, or alternatively, Defendant Hicks did not identify himself during the telephonic conversation with Plaintiff Drury.

19. During the telephone conversation, Mr. Drury advised Defendant Dziwanowski, or alternatively, Defendant Hicks that he had purchased the Hudson trailer from Dale West for the sum of $2,500.00.

20. Defendant Dziwanowski and Defendant Hicks had not undertaken any effort to investigate the conduct of Cathy Jo West and/or Dale West prior to taking the above referenced

actions, and also did not undertake any efforts to investigate the conduct of Cathy Jo West and/or Dale West after speaking with Plaintiff Drury on the telephone.

21. No member of the Anne Arundel County Police Department had conducted any investigation concerning the sale(s) of the Hudson trailer, or the conduct of Cathy Jo West and/or Dale West.

22. Defendant Dziwanowski and Defendant Hicks did not have any information and/or basis to form any conclusions about the ownership of the Hudson trailer and/or Plaintiff Drury's possessory interest in the Hudson trailer.

23. Defendant Dziwanowski, or alternatively, Defendant Hicks did not have a warrant and did not have any lawful purpose to travel to Plaintiff Drury's property on April 23, 2014. Defendant Dziwanowski, or alternatively, Defendant Hicks did not have any legal justification or lawful authority to issue the above described commands to Plaintiff Drury concerning the Hudson trailer.

24. Plaintiff Drury was concerned about the tenor of this telephone conversation with Defendant Dziwanowski, or alternatively, Defendant Hicks. Upon returning home from work, Plaintiff Drury contacted the Anne Arundel County Police Department and asked that the (then) unknown officer(s) who had confronted his wife return to his residence. Plaintiff Drury intended to provide Defendant Dziwanowski, or alternatively, Defendant Hicks with documents evidencing his purchase of the Hudson trailer.

25. Two unrelated Anne Arundel County police officers (not Defendant Dziwanowski or Defendant Hicks) responded to Plaintiff Drury's call for service. The responding officers advised Plaintiff Drury that any dispute relative to the sale of the Hudson trailer and ownership interest in

the same were civil matters that did not involve the police. These responding officers declined to take any action.

26. On or about April 24, 2014, at approximately 4:48 p.m., Defendant Dziwanowski and Defendant Hicks returned to Plaintiff Drury's home at 7973 Catherine Avenue, Pasadena, Maryland.

27. Defendant Dziwanowski and Defendant Hicks had not acted to obtain a warrant and did not have a search warrant and/or arrest warrant on their person.

28. The Hudson trailer was not located at 7973 Catherine Avenue when Defendant Dziwanowski and Defendant Hicks returned to the property.

29. Plaintiff Drury was in the shower when the defendants arrived at his property, and was not acting in a manner that could have reasonably been construed as unlawful. Plaintiff was advised by his son that he should exit the shower because two police officers were present on the property. Plaintiff Drury was in the process of getting dressed, when he observed the defendants enter an enclosed porch connected to his home.

30. Plaintiff Drury opened the front door of his residence and approached the officers in an attempt to show them the bill of sale corresponding with his purchase of the Hudson trailer. Defendant Dziwanowski and Defendant Hicks, who then had their hands positioned immediately next to their service weapons, refused to inspect the documents and instead demanded to know the location of the trailer.

31. Plaintiff Drury attempted to lawfully retreat back into his home. Plaintiff Drury did not make any physical contact with Defendant Dziwanowski and/or Defendant Hicks, did not act in a manner that was overtly threatening, and did not engage in any other conduct which might have been interpreted as being contrary to the laws of the State of Maryland.

32. Defendant Dziwanowski and Defendant Hicks had no warrant for the arrest of Plaintiff Drury, no probable cause for the arrest of Plaintiff Drury, and no legal justification and/or lawful authority to support any seizure, arrest and/or detention of Plaintiff Drury.

33. Their lack of authority and/or proper purpose notwithstanding, Defendant Dziwanowski and Defendant Hicks pushed through the door to Plaintiff's residence and tackled Plaintiff Drury to the floor. Defendant Officers pushed Plaintiff's face and head into the wall and sofa. Defendant Dziwanowski and Defendant Hicks then kicked and punched Plaintiff about the body and placed a handcuff on his wrists.

34. Plaintiff Drury did not physically resist or otherwise assault the Defendant Officers in any way, and the force directed against him was unnecessary, unreasonable, and excessive.

35. At no time during the events described above, was Plaintiff Drury a threat to the safety of himself, the Anne Arundel County police officers responding to his residence, or any other person present in his home.

36. Defendant Dziwanowski and/or Defendant Hicks also kicked Plaintiff Drury's dog and damaged the walls, pictures, and furniture in his residence.

37. At the time that Plaintiff Drury was being removed from the residence, there were approximately seven police cars parked in close proximity to the happenings. Unidentified members of the Anne Arundel County police officers who had arrived on the scene did not initiate any effort to deter the unlawful detention and application of excessive force and otherwise allowed, facilitated and acquiesced to the improper conduct of Defendant Dziwanowski and Defendant Hicks.

38. Defendant Dziwanowski and Defendant Hicks dragged Plaintiff Drury out of his home and placed Plaintiff in the front seat of Defendant Hicks' and/or Defendant Dziwanowski's patrol vehicle.

39. Plaintiff Drury had not committed any criminal offenses before or during the encounter with Defendant Dziwanowski and Defendant Hicks.

40. At all times during the events described above, Defendant Officer Dziwanowski and Corporal Hicks were engaged in a joint venture. The individual officers assisted each other in performing various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

41. As a proximate result of the physical encounter described above, Plaintiff Drury suffered serious and permanent physical injuries including, but not limited to fractures of the seventh, eighth, ninth and tenth ribs on his left side, as well as, a fracture of the right distal radial metaphysis.

42. Plaintiff advised the Defendant Dziwanowski and Defendant Hicks that they had injured his ribs and wrist. He also requested medical attention. However, Defendant Dziwanowski, Defendant Hicks, and the other Anne Arundel County Police Officers who were present at the scene were deliberately indifferent to Plaintiff Drury's need for medical attention and refused his request to be transported for medical attention.

43. Plaintiff Drury was transported by Defendant Dziwanowski and Defendant Hicks from his residence to Eastern District Precinct House in Anne Arundel County.

44. Defendant Dziwanowski and Defendant Hicks removed Plaintiff Drury from the cruiser and transported him into the precinct house. During this process, Plaintiff Drury again advised

Defendant Dziwanowski and Defendant Hicks that he was injured and in severe pain. The defendants ignored this report.

45. Plaintiff Drury was processed and placed in a holding cell at the Eastern District Precinct House. Once in the precinct house, he was questioned by Anne Arundel County Detective J. McNemar. Plaintiff Drury asked Detective McNemar to notify supervision about his arrest and injuries. Detective McNemar advised Anne Arundel County Sergeant Ronaghan and Acting Sergeant Duvall about Drury. Thereafter, Plaintiff Drury was formally processed, photographed and detained.

46. At all times relevant to this Complaint members of the Anne Arundel County Police Department and the hierarchy of the Anne Arundel County Police Department were on notice that Plaintiff Drury had been improperly arrested and had also been subjected to excessive force. The hierarchy of the Anne Arundel County Police Department ratified, acquiesced to and furthered the unconstitutional conduct of Defendant Dziwanowski and Defendant Hicks by perpetuating his arrest and detention.

47. Defendant Dziwanowski and Defendant Hicks initiated criminal charges against Plaintiff Drury for theft over $1,000.00, unauthorized use, second degree assault, and resisting arrest. These criminal charges prompted criminal proceedings in the matter styled *State of Maryland v. Edwin Carl Drury*, District Court for Anne Arundel County, Case No.: 3A00279492.

48. On January 29, 2015, all charges advanced against Plaintiff Drury were dismissed as unfounded.

49. In addition to the physical injuries described herein, Plaintiff Drury suffered the following injuries and damages:

a. Violation of his well established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person, and to be free from the application of excessive force during the course of a proper or improper arrest;

b. Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 to be free from an unreasonable search and seizure of his person, and to be free from the use of excessive, unreasonable, and unjustified force against his person;

c. Loss of his physical liberty;

d. Physical pain and suffering;

e. Emotional trauma and suffering, embarrassment, and mental anguish;

f. Lost wages and loss of future earning potential;

g. And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant Officers.

50. The actions of the Defendants Dziwanowski and Defendant Hicks violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Drury:

a. Freedom from the unreasonable seizure of his person

b. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

51. Defendant Anne Arundel County ratified the unlawful actions of Defendants Dziwanowski and Hicks by allowing, furthering and/or maintaining the arrest, criminal charges, and incarceration of Plaintiff Drury.

## COUNT I – BATTERY
### (Plaintiff Edwin Drury v. Defendant Dziwanowski and Defendant Hicks)

52. Plaintiff Drury hereby incorporates Paragraphs 1 through 51 as if fully restated herein.

53. Defendant Dziwanowski and Defendant Hicks engaged in intentional acts of unlawful conduct with Plaintiff Drury such that the Plaintiff sustained serious and permanent injuries.

54. Defendant Dziwanowski and Defendant Hicks utilized unreasonable, unlawful, and excessive force by, among other things, tackling Plaintiff to the ground, pushing his head against the wall and sofa, and kicking and punching him repeatedly.

55. Plaintiff Drury in no way consented to the described contact by Defendant Officers Dziwanowski and Hicks; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Officers Dziwanowski and Hicks to act as they did; and did nothing to contribute to the unlawful touching that Defendant Officers Dziwanowski and Hicks inflicted upon him.

56. The conduct of Defendant Officers Dziwanowski and Hicks was without legal justification and was improperly motivated by ill will and actual malice – including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

57. As a direct and proximate result of the assault perpetrated Defendant Officers Dziwanowski and Hicks, Plaintiff Drury sustained significant and permanent injuries, medical bills, as well as pain, suffering, emotional and psychological damages.

## COUNT II-FALSE ARREST
### (Plaintiff Edwin Drury v. Defendant Officer Dziwanowski, Defendant Corporal Hicks, and Defendant Anne Arundel County Maryland)

58. Plaintiff Drury hereby incorporates Paragraphs 1 through 57 as if fully restated herein.

59. Defendant Dziwanowski, Defendant Hicks, and Defendant Anne Arundel County did not have any rational reason to believe that Plaintiff Drury had engaged in any crime, resisted arrest,

or committed an assault and were therefore without lawful authority or adequate probable cause to detain/arrest the Plaintiff.

60. Plaintiff Drury was nevertheless seized improperly, unlawfully detained and otherwise falsely arrested.

61. The false arrest perpetrated by Defendant Dziwanowski, Defendant Hicks, and Defendant Anne Arundel County was made without warrant and without probable cause to support a lawful arrest.

62. The conduct attributed to Defendant Dziwanowski, Defendant Hicks, and Defendant Anne Arundel County demonstrated ill will, improper motivation, and actual malice on the part of the Defendants.

63. As a direct consequence in result of the acts of Defendant Officers Dziwanowski, Hicks, and Anne Arundel County Maryland described herein, Plaintiff Drury was deprived of his liberty, was caused to suffer permanent physical injuries; caused to endure pain, suffering, embarrassment and emotional distress; and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendants.

64. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

### COUNT III-FALSE IMPRISONMENT
**(Plaintiff Edwin Drury v. Defendant Officer Dziwanowski, Defendant Corporal Hicks, and Defendant Anne Arundel County Maryland)**

65. Plaintiff Drury hereby incorporates Paragraphs 1 through 57 as if fully restated herein.

66. Defendant Dziwanowski, Defendant Hicks, and Defendant Anne Arundel County falsely imprisoned the Plaintiff throughout the course of events described herein.  The instances of false

imprisonment include, but are not limited to, the time periods during which Plaintiff Drury was

(1) restrained by Defendant Dziwanowski and Defendant Hicks in his home, (2) forcefully

thrown against the ground by Defendant Dziwanowski and Defendant Hicks (3) held to the

ground by Defendant Dziwanowski and Defendant Hicks during the course of an ongoing

physical assault, and (4) transported to and detained at the at Anne Arundel County Police

Department Eastern District.

67. The actions of Defendant Dziwanowski, Defendant Hicks, and Defendant Anne Arundel

County caused Plaintiff Drury to be unlawfully deprived of his liberty, unable to escape a vicious

attack, and incapable of seeking necessary medical attention.

68. As a result of the unlawful conduct described herein, Plaintiff Drury was detained against

his will and sustained significant injuries and damages described herein.

69. The Defendants' actions demonstrate ill will, improper motivation, evil purpose, and/or

actual malice.

**70.** As a direct consequence of the acts of Defendant Dziwanowski, Defendant Hicks, and

Defendant Anne Arundel County described herein, Plaintiff Drury was deprived of his liberty,

was caused to suffer permanent physical injuries; caused to endure pain, suffering,

embarrassment and emotional distress; and has suffered and will continue to suffer economic

loss due to the sums of money spent to alleviate the injuries that were inflicted by the

Defendants.

## COUNT IV – MALICIOUS PROSECUTION

### (Plaintiff Edwin Drury v. Defendant Dziwanowski and Defendant Hicks)

71. Plaintiff Drury hereby incorporates Paragraphs 1 through 51 as if fully restated herein.

72. Defendants Dziwanowski and Hicks jointly and severally, initiated a baseless prosecution against Plaintiff Drury on April 24, 2014, and continued to expose him to legal jeopardy until he stood trial on January 29, 2015.

73. The proceedings were instituted and continued without probable cause.

74. The proceeding terminated in Plaintiff Drury's favor on January 29, 2015, with the State declining to prosecute the charges.

75. The proceeding was initiated and continued with actual malice or with an ulterior motive, other than the pursuit of justice.

76. As a result of Dziwanowski's and Hicks' conduct and action, Plaintiff has suffered and will continue to suffer, severe mental and emotional distress, loss of reputation, anguish, medical and other related expenses, and loss of income.

## COUNT V – CONSPIRACY

**(Plaintiff Edwin Drury v. Defendant Officer Dziwanowski and Defendant Corporal Hicks)**

77. Plaintiff Drury hereby incorporates Paragraphs 1 through 76 as if fully restated herein.

78. Defendant Officers Dziwanowski and Hicks conspired on the scene and agreed to detain, batter, and pursue criminal charges against the Plaintiff.

79. Defendants Dziwanowski and Hicks further conspired to obfuscate their errant and unconstitutional behavior.

80. The ongoing course of action by Defendants Dziwanowski and Hicks was a concerted action that was designed to create a situation where the excessively vicious conduct toward the Plaintiff would be considered reasonable and/or attributed to someone other than the responsible police officers.

81. Plaintiff has suffered significant injures and damages as a result of the Defendants' conspiracy.

## COUNT VI – VIOLATION OF
## MARYLAND STATE DECLARATION OF RIGHTS
**(Plaintiff Edwin Drury v. Defendant Officer Dziwanowski and Defendant Corporal Hicks)**

82. Plaintiff Drury hereby incorporates Paragraphs 1 through 51 and 77-81 as if fully restated herein.

83. As a direct and proximate result of the actions and omissions of Defendant Officers Dziwanowski and Hicks, described herein, all of which were committed under the color of their authority as members of the Anne Arundel County Police Department and while acting in the capacity of duly authorized police officer, Plaintiff Drury was deprived of rights and immunities secured to him under the Maryland Declaration of Rights – in particular, his right not to be subjected to an unlawful detention and excessive force during the course of an ongoing arrest.

84. As a result of the above-described acts attributed to Defendants Dziwanowski and Hicks and their ongoing conspiracy, Plaintiff was deprived of rights and immunities secured to him under the Maryland Declaration of Rights: in particular, his rights to the security of his person and freedom from arrest except upon probable cause, as well as his right not to be deprived of liberty without due process of the law. Furthermore, the Plaintiff was deprived of his right not to be subjected to excessive force during the course of an ongoing arrest.

85. As a direct consequence and result of the actions and omissions of Defendant Officers Dziwanowski and Hicks described herein, Plaintiff Drury was deprived of his liberty; was caused to suffer physical injuries; lost time from his employment; and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

## COUNT VII – CONSTITUTIONAL CLAIM ARISING UNDER MARYLAND STATE DECLARATION OF RIGHTS AND *LONGTIN* CLAIM
### (Indirect Liability by Plaintiff Edwin Drury v. Defendant Anne Arundel County Maryland)

86. Plaintiff Drury hereby incorporates Paragraphs 1 through 51 as if fully restated herein.

87. The Defendants' use of excessive force to effect Plaintiff Drury's arrest, his unlawful arrest, detention, false imprisonment, battery, and the actual malicious character of his arrest occurred as a direct result of a policy, custom, or usage of Defendant Anne Arundel County.

88. Under this custom, practice, or usage, the Defendant Anne Arundel County Maryland:

    a. Encouraged, acquiesced in, or condoned the use of excessive force in effecting Plaintiff Drury's arrest;

    b. Encouraged, acquiesced in, or condoned the use of falsity to arrest, detain, and imprison him;

    c. Failed to adequately investigate, punish, or otherwise discourage the use of excessively forceful means to effect arrests of individuals and effecting unlawful arrests; and

    d. Failed to adequately train and supervise the constitutionally permissible limits upon use of force, and the proper way of effecting detentions and arrests.

89. By illegally seizing and detaining Plaintiff Drury, Defendant Anne Arundel County abridged the rights, privileges and immunities guaranteed to Plaintiff Drury under Articles 24 and 26 of the Maryland Declaration of Rights. Moreover, Plaintiff Drury has suffered damages by being unlawfully held against his will, suffered damage to his reputation, and will continue to suffer severe emotional distress and anguish, loss of reputation, loss of income, and other damages.

## COUNT VIII – VIOLATION OF 42 U.S.C. 1983 –
## FOURTH AMENDMENT VIOLATION
### (Plaintiff Edwin Drury v. Defendant Dziwanowski and Defendant Hicks)

90. Plaintiff Drury hereby incorporates Paragraphs 1 through 51 and 77 through 81 as if fully restated herein.

91. At all times relevant to this Complaint, Plaintiff Drury had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

92. At all times relevant herein, Defendant Dziwanowski and Defendant Hicks were acting under the color of State and local law and as members of the Anne Arundel County Police Department. Their conduct therefore triggers 42 U.S.C. §1983.

93. Defendant Dziwanowski and Defendant Hicks actions and omissions deprived Plaintiff Drury of his clearly established and well-settled constitutional rights.

94. Defendant Dziwanowski and Defendant Hicks knowingly acted to deprive the Plaintiff of his constitutional rights maliciously and with reckless disregard. Defendant Dziwanowski and Defendant Hicks also conspired with other members of the Anne Arundel County Police Department who were present on the scene to act in an unlawful manner that would violate the Plaintiff's Constitutional Rights.

95. Plaintiff Drury claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Officers Dziwanowski and Hicks for violation of his constitutional rights under color of law.

## COUNT IX – UNDER 42 U.S.C. 1983 FOR INADEQUATE SUPERVISION AND DISCIPLINE
### (Plaintiff Edwin Drury v. Defendant Anne Arundel County Maryland)

96. Plaintiff Drury hereby incorporates Paragraphs 1 through 51, 77 through 81 and 90 through 95 as if fully restated herein.

97. Defendant Anne Arundel County, through police administration, specifically through supervisory personnel and other police officers responsible for conducting internal investigations, investigating warrantless arrests, authorized, ratified, acquiesced to, perpetuated and otherwise failed to adequately correct the unlawful and improper conduct of Defendant Dziwanowski and Defendant Hicks identified herein.

98. Anne Arundel County, through police administration, failed to adequately supervise Defendant Dziwanowski and Defendant Hicks and acquiesced to their unconstitutional practices, by among other things, permitting the unlawful detention of Plaintiff Drury to continue unabated and allow for criminal charges to be advanced against Plaintiff Drury.

99. The failure of Defendant Anne Arundel County, through police administration, to properly supervise and control the conduct of Defendant Dziwanowski and Defendant Hicks was a direct proximate cause of Plaintiff Drury's injuries identified herein.

100.    At all times relevant to this Complaint, Defendant Anne Arundel County had an actual and ready ability to shield Plaintiff Drury form the continuing constitutional deprivations by way of supervision, corrective action and discipline aimed at Defendant Dziwanowski and Defendant Hicks.

## COUNT X – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 – *MONELL* CLAIM
### (Plaintiff Edwin Drury v. Defendant Anne Arundel County Maryland)

101.     Plaintiff Drury hereby incorporates Paragraphs 1 through 51, 77 through 81 and 90 through 100 as if fully restated herein.

102.     Prior to April 24, 2014, Anne Arundel County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Anne Arundel County, which caused the violation of Plaintiff Drury's rights.

103.     It was the policy and/or custom of the Anne Arundel County to inadequately and improperly investigate warrantless arrests, citizen complaints of police misconduct, and unlawful warrantless arrests and acts of misconduct were instead tolerated by Anne Arundel County, including but not limited to episodes of misconduct involving Defendant Dziwanowski and Defendant Hicks.

104.     It was the policy and/or custom of Anne Arundel County to inadequately supervise and train its police officers, including the Defendant Officers named herein, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

105.     As a result of the above described policies and customs, police officers of Anne Arundel County Police Department, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officials and that misconduct would not be investigated or sanctions, but would be tolerated.

106.     The above described policies and customs demonstrated a deliberate indifference on the part of policy makers of Anne Arundel County to the constitutional rights of persons within Anne Arundel County and were the cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE**, Plaintiff Edwin Drury hereby requests that this Honorable Court:

(A)     Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Dziwanowski, Defendant Hicks and Defendant Anne Arundel County jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendant Dziwanowski and Defendant Hicks, jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP

Anton L. Iamele, Federal Bar No. 04845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff, Edwin Drury*

## PRAYER FOR JURY TRIAL

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

Anton L. Iamele