IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWIN DRURY                          *

          Plaintiff                  *

     vs.                             *   CIVIL ACTION NO. MJG-15-3845

OFFICER P. DZIWANOWSKI, et al.   *

          Defendants                 *

*      *      *      *      *      *      *      *      *

MEMORANDUM AND ORDER RE: PENDING MOTIONS

     The Court has before it Defendant Anne Arundel County,

Maryland's Motion to Dismiss [ECF No. 3], Defendants' Motion to

Bifurcate Claims and for Partial Stay of Discovery [ECF No. 12],

and the materials submitted by the parties relating thereto.

The Court finds that a hearing is unnecessary.


I.   BACKGROUND

     In this case, Plaintiff Edwin Drury asserts state and

federal law claims against Anne Arundel County, Maryland ("the

County") and Defendants Officer P. Dziwanowski and Corporal W.

Hicks (the "Active Defendants") in connection with certain

events occurring on or about April 13, 2014.   The Active

Defendants have filed their Answer [ECF No. 10].

     Plaintiff asserts the following claims against the County:

          Count II – False Arrest

Count III – False Imprisonment

Count VII – Violation of Md. Declaration of Rights

Count IX – Inadequate Supervision

Count X – <u>Monell</u> Claim

By the instant motion, the County seeks dismissal of all charges against it.


II. <u>DISMISSAL STANDARD</u>

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6)[1] tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. <u>Id.</u> A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'"

---

[1]   All "Rule" references herein are to the Federal Rules of Civil Procedure.

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)

(quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Francis, 588 F.3d at 193. Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009))(internal quotation marks omitted).

## III. DISCUSSION

### A.   Immunity – Counts II and III

The County asserts governmental immunity on the ground that the acts of the police department on which the claims are based were committed in the course of performing a governmental function and that the County is immune. See e.g., Leese v. Baltimore County, 497 A.2d 159, 177 (Md. Ct. Spec. App. 1985).

Since Plaintiff has not even responded to the immunity claim, all claims in Counts II and III shall be dismissed.

B.    Constitutional Claims – Counts VII and X

Plaintiff presents constitutional claims against the County in Counts VII (Maryland Declaration of Rights) and X (42 U.S.C. § 1983 and U.S. Constitution) based upon the contention that the alleged wrongful acts committed by the Active Defendants were caused by, or pursuant to, a policy and/or custom of the County.

1.    Articles 24 and 26 of the Maryland Declaration of Rights are construed *in pari materia* with the United States Constitution

Articles 24 and 26 of the Maryland Declaration of Rights are the Maryland counterparts to the Fourth and Fourteenth Amendments of the United States Constitution. Specifically, Article 24 requires due process for deprivation of life, liberty, or property, and Article 26 requires warrants for searches and seizures. In conjunction, the Articles "prohibit unlawful warrantless entries and employment of excessive force." Housley v. Holquist, 879 F. Supp. 2d 472, 482 (D. Md. 2011); see Henry v. Purnell, 652 F.3d 524, 536 (4th Cir. 2011) (finding that Articles 24 and 26 prohibit use of excessive force during a seizure, and "[t]he standards for analyzing claims under these articles are the same as for analyzing Fourth Amendment claims.").

Claims brought under these articles for violations of due process or employment of excessive force are therefore "construed in pare materia with the Fourth [and Fourteenth] Amendment[s]." Housley, 879 F. Supp. 2d at 482; see Quailes v. State, 452 A.2d 190, 191 (Md. Ct. Spec. App. 1982); see also Pickett v. Sears, Roebuck & Co., 775 A.2d 1218, 1224 (Md. 2001); Williams v. Prince George's Cnty., 685 A.2d 884, 895 (Md. Ct. Spec. App. 1996) (finding that the correct standard for claims brought under Article 24 and 26 is the reasonableness standard set by the Supreme Court in Graham v. Connor, 490 U.S. 386, 396-97 (1989), for claims brought under the Fourth Amendment). Hence the issues presented by Plaintiff shall be addressed solely as § 1983 claims.

### 2.   Plaintiff fails to allege a sufficient cause of action under 42 U.S.C. § 1983

A local government "cannot be held liable [under § 1983] solely because it employs a tortfeasor." Monell v. Dept. of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978)(emphasis in original).  The liability of a local government arises under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690.

Specifically, Monell liability under § 1983 attaches when the policy or custom is "(1) fairly attributable to the municipality as its 'own,' and is (2) the 'moving force' behind the particular constitutional violation." Spell v. McDaniel, 824 F.2d 1380, 1386-87 (4th Cir. 1987) (internal citations omitted).

The existence of a policy or custom may be demonstrated in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)).

In order to adequately plead a Monell claim, a complaint must contain sufficient allegations that an official policy or custom fairly attributable to the County existed and that this policy proximately caused the alleged tortious actions of the Active Defendants. See Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009) (affirming district court dismissal of Monell claim where complaint failed to make any allegations about the existence of a policy, custom, or practice); McMahon v. Cnty. Comm'rs of Kent Cnty., CIV. JFM-13-490, 2013 WL

2285378, at *3 (D. Md. May 21, 2013) (explaining that although Monell does not impose a heightened pleading requirement, a complaint must contain adequate allegations of an official policy that is fairly attributable to the deprivation of constitutional rights).

Plaintiff presents no more than conclusory allegations that there was an actionable policy or custom and reference to the alleged actions by the Active Defendants. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a cause of action.  Iqbal, 556 U.S. at 678 (2009).

The instant case presents a complaint that is no more adequate than the complaint in Fernandes v. Montgomery Cnty., MD., Civil Action No. 10-cv-00752-AW, 2010 WL 4746155 (D. Md. Nov. 15, 2010).  As stated by Judge Williams of this Court:

> In order to satisfy the policy-or-custom
> element of a section 1983 Monell claim,
> Plaintiff alleges that "the acts [of the
> police officers] were the result of policies
> or customs of the County, including, but not
> limited to, the County's policy or custom of
> discriminating against minorities and/or the
> County's deliberate indifference to the
> proper training of its police officers."
> Compl. ¶¶ 26, 33. The Court agrees with
> Defendants that these allegations are
> insufficient.

Id. at 3.

C.   <u>Inadequate Supervision and Discipline</u>

Plaintiff presents a claim, labelled as being brought pursuant to § 1983, on alleged inadequate supervision and discipline.

If the claim is a constitutional claim, it would be a <u>Monell</u> claim based upon an alleged policy or custom.  As discussed above, the complaint does not adequately present factual allegations sufficient to state a plausible <u>Monell</u> claim.

If the claim is a state law tort claim, the complaint does not allege specific facts presenting a plausible assertion that there was inadequate supervision and discipline.  Moreover, as discussed above, the County is entitled to immunity from such a state law tort claim.

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

1.   Defendant Anne Arundel County, Maryland's Motion to Dismiss [ECF No. 3] is GRANTED.

2.   Defendants' Motion to Bifurcate Claims and for Partial Stay of Discovery [ECF No. 12] is DENIED AS MOOT.

3.   Plaintiff shall arrange a telephone conference to be held by March 31, 2016 to discuss the scheduling of further proceedings herein.

SO ORDERED, on <u>Tuesday, March 15, 2016</u>.

_____/s/_____
Marvin J. Garbis
United States District Judge
