```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

EDWIN DRURY                        *

        Plaintiff                  *

     vs.                           *   CIVIL ACTION NO. MJG-15-3845

OFFICER P. DZIWANOWSKI, et al.     *

        Defendants                 *

*       *       *       *       *       *       *       *       *
```

## MEMORANDUM AND ORDER RE: SUBPOENA

The Court has before it the Motion for Protective Order Regarding Subpoena Duces Tecum to Chief Altomare [ECF No. 18] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

In this case, Plaintiff Edwin Drury asserted state and federal law claims against Anne Arundel County, Maryland ("the County") and Defendants Officer P. Dziwanowski and Corporal W. Hicks (the "Officers") in connection with certain events occurring on or about April 13, 2014.  It suffices herein to refer to the claims generally as based upon the officers' alleged violations of Drury's rights by arresting and charging him in regard to an alleged theft of trailer.

1

In the Memorandum and Order Re: Pending Motions [ECF No. 13], the Court dismissed all claims against the County, bifurcated and stayed discovery regarding any Monell[1] claims,

By the subpoena at issue, Plaintiff seeks to have the County Chief of Police, a nonparty, produce certain materials relating to the training of police officers.

The Officers – not the subpoenaed witness – have filed the instant motion.  While this might itself be a basis for the denial of the motion, the Court will assume for the present that, since the officers' counsel is a County Attorney, the Chief of Police would join in the motion.

The motion, does not present facts establishing the compliance would be unduly burdensome.  Moreover, the subpoena is not violative of the stay of discovery on Monell issues.  Indeed, the Plaintiff is not claiming that the County inadequately trained the officers.  Rather, the Plaintiff's claim is that the training was adequate but, for various reasons, the Officers' alleged failure to comply with the training would be relevant to Plaintiff's claims against them.  The Court's relevance determination will require consideration of the Officers' and Plaintiffs contentions regarding the claims at issue.

---

[1] Monell v. Dept. of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978)

On August 25, 2016, the Officers filed a Motion for Summary Judgment [ECF No. 21].  The briefing of this motion will be pertinent to the Court's decision as to the enforcement of the subpoena at issue.  Plaintiff may, in response to the summary judgment motion, in the context of the Officers' contentions, state the grounds for his position that the materials sought by the subpoena at issue will be material to the case.  Of course, in the summary judgment context, Drury may rely upon a reasonable assumption of what would be shown by the documents at issue.  Compare, Rule 56(d), Federal Rules of Civil Procedure.

For the foregoing reasons:

1. The Motion for Protective Order Regarding Subpoena Duces Tecum to Chief Altomare [ECF No. 18] is DENIED.

2. Chief Altomare, while remaining subject to the subpoena at issue, may defer compliance pending further Order of the Court.


SO ORDERED, this Monday, August 29, 2016.


/s/_____
Marvin J. Garbis
United States District Judge