# Exhibit No. 1
# Affidavit of Dale Martin

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWIN DRURY | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:15-cv-03845-MJG |
| OFFICER P. DZIWANOWSKI, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## AFFIDAVIT OF DALE MARTIN

I, Dale Martin, hereby attest to the following:

1. I am over 18 years of age, and am competent to be a witness and have personal knowledge of the facts and matters stated in referenced in this affidavit.

2. That I was married to Bradford West for more than thirty years. My married name was Dale West.

3. Bradford West and I operated a business known as Maryland Construction & Equipment Services, Inc.

4. That in on or about March 1, 2002, Bradford West and I collectively purchased the "2001 Hudson trailer" referred to in this action. (Corresponding Receipt appended hereto as Attachment A.)

5. That on or about July 12, 2011, the divorce action styled *Bradford West v. Dale West*, Case No. 02-C-11-162366, was initiated in the Circuit Court for Anne Arundel County. I was represented in this divorce proceeding by Michael G. DeHaven, Esq. of Smith, Gildea & Schmidt, LLC, 600 Washington Avenue, Suite 200, Towson, MD 21204.

6. During the course of the divorce proceedings, the 2001 Hudson trailer referenced in this litigation was identified as marital property for division upon dissolution of the marriage.

7. That on or about May 16, 2012, during the pendency of the divorce proceeding styled *Bradford West v. Dale West*, Case No. 02-C-11-162366, I sold the 2001 Hudson trailer to Edwin Drury. I generated a Bill of Sale in conjunction with this transaction that both Mr. Drury and I signed the same day. (Appended hereto as Attachment B)

8. For purpose of finalizing the transaction with Mr. Drury I directed the original Hudson trailer title to Bradford West, through counsel, for execution. It was anticipated that Bradford West would sign and return the title to my attention, that the Hudson trailer would then be tendered to Mr. Drury, and that the sales proceeds would be distributed as marital property.

9. I directed Mr. Drury to leave the Hudson trailer on a parcel of BG&E property that was contiguous with my marital property at 8257 New Cut Road, Severn, Maryland 21144 while awaiting the return of the executed title. I had authorization by deed, established when my father sold this contiguous parcel to BG&E for power line expansion, to occupy the property for this purpose.

10. I maintained the trailer under my control, chained and locked, pending the return of the executed title.

11. Bradford West did not return the signed title in accordance with our agreement.

12. On June 28, 2012, the Honorable J. Michael Wachs issued a Judgment of Absolute Divorce in *Bradford West v. Dale West*, Case No. 02-C-11-162366. (Appended hereto as Attachment C).

13. Bradford West had not returned the executed title to the Hudson trailer when the Judgment of Absolute Divorce was entered by the Circuit Court for Anne Arundel County. The Hudson trailer was therefore listed amongst other marital property items subject to sale by Trustee appointed by the Anne Arundel County Circuit Court. (Attachment C, identified in the Divorce Decree as "2006 hudson trailer 20,000 lbs") However, it was understood by Bradford West and myself, through our respective counsel, that the signed title for the Hudson trailer would be returned to my attention and that the sales proceeds would be divided.

14. I continued to reside at the 8257 New Cut Road property. I maintain possession and control of the Hudson trailer, which was still chained and locked, behind this property.

15. In August of 2012, Bradford West married a woman who I understand to have utilized the name Cathy Jo West.

16. On September 12, 2012, Bradford West passed away.

17. At the time of Bradford West's death he had not returned the executed title to the Hudson trailer.

18. The Trustee appointed by the Anne Arundel County Circuit Court subsequently withdrew, with approval from the Court, when it was determined that Bradford West had encumbered the 8257 New Cut Road property to such an extent that it could only be sold at a loss.

19. Mr. DeHaven undertook communication with Cathy Jo West on my behalf. After speaking with her, he advised me that she had agreed to cooperate and act in accordance with the Judgment of Absolute Divorce.

20. I sent Cathy Jo West a series of e-mail communications advising her that I had sold the Hudson trailer and requesting that she return the original title. Initially she did not respond to my communications.

21. On or about March 18, 2013, Cathy Jo West sent me an email indicating that she had gone to a "tag n title" operation with a copy of "Brad's will, marriage certificate and death certificate" and applied to have the Hudson trailer titled in her name. (E-mail appended hereto as Attachment D). Included with the e-mail communication was an image of a receipt from "12 Minute Tag and Title" with the same date. (Id.)

22. I responded to the March 18, 2013 e-mail communication on the same date and explained she had no ownership interest because "It was a company trailer, not his personal trailer, Brad had possession of the original signed title in the divorce stuff." I attached a copy of

the signed Bill of Sale indicating that it was company property to my e-mail response. (E-mail appended hereto as Attachment E).

23. On March 31, 2013, I sent a follow up e-mail communication to Cathy Jo West advising her that Mr. Drury wanted to pick up his trailer and again requesting the title be directed to my attention. (E-mail appended hereto as Attachment F).

24. Cathy Jo West did not return the Hudson trailer title.

25. The Hudson trailer remained in my possession and locked behind 8257 New Cut Road.

26. At no time did Cathy Jo West have possession of the Hudson trailer.

27. At no time did Cathy Jo West have any lawful ownership interest in the Hudson trailer.

28. At no time did Cathy Jo West have authority to sell the Hudson trailer.

29. At no time did Cathy Jo West have authority to transfer title to the Hudson trailer.

30. I never sold the Hudson trailer to James Bradford.

31. I did not authorize any sale of the Hudson trailer to James Bradford.

32. I never authorized any transfer of the title for the Hudson trailer to James Bradford.

33. Cathy Jo West never advised me that she had acted to sell the trailer to James Bradford.

34. Cathy Jo West never advised me that she transferred the Hudson trailer title to James Bradford.

35. Neither Cathy Jo West nor James Bradford ever contacted me to request access to the trailer.

36. At no time did James Bradford have possession of the Hudson trailer.

37. I had no knowledge of any transaction other than my sale of the Hudson trailer to Edwin Drury.

38. Because I did not have any knowledge of the alleged sale by Cathy Jo West to James Bradford, I had no reason to believe that a third party might assert an ownership interest in the Hudson trailer or notify Mr. Drury about such a possibility.

39. In late April of 2014, I believed that a foreclosure action that had been initiated concerning the 8257 New Cut Road property would be concluded imminently. I therefore advised Mr. Drury that he should remove the Hudson trailer, which had sat undisturbed under lock and key since the time of the May 2012 sale, because I would no longer have access to the property and because I had no means of transporting the trailer to an alternate location.

40. On or about April 23, 2014, the Hudson trailer was transported from the BG&E property, across my property with my permission, after I had removed the chains and locks.

41. I first learned that Cathy Jo West was claiming to have sold the Hudson trailer to James Bradford when Edwin Drury called me following his release from incarceration and return home from the hospital after he was arrested on April 24, 2014.

42. Prior April 24, 2014, I was not contacted nor had I had any communication with Corporal Paul Matthew Dziwanowski, Corporal William E. Sinclair Hicks, or any other member of the Anne Arundel County Police Department concerning the Hudson trailer.

43. I am not aware of Corporal Paul Matthew Dziwanowski, Corporal William E. Sinclair Hicks, or any other member of the Anne Arundel County Police Department undertaking investigative efforts prior to the arrest of Edwin Drury concerning the ownership of the Hudson trailer, the sale of the Hudson trailer, or the manner in which the Hudson trailer came to be removed from behind my property. However, I was questioned by an Anne Arundel County police investigator in connection with Mr. Drury's Internal Affairs complaint at some point following his arrest.

44. At any point prior to April 24, 2014, I had a ready ability to explain and document my ownership interest in the Hudson trailer.

45. I attempted to bring criminal charges against Cathy Jo West concerning her alleged sale of the Hudson trailer. I was advised by the Office of the State's Attorney for Anne Arundel County that I did not have standing to bring such charges because Mr. Drury was the lawful owner of the Hudson trailer following the May 2012 transaction and pursuant to my issuance of the Bill of Sale.

I HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed:

9/8/16
Date

_Dale Martin_
Dale Martin

**JESSE R. AUSTIN, INC.**
10214 LANHAM SEVERN ROAD
LANHAM, MARYLAND 20706
(301) 464-2574

| CUSTOMER'S ORDER NO. | PHONE 410-987-0621 | DATE 03/01/02 |
|---|---|---|

NAME: Bradford A. West + / Maryland Construction & Equipment Services Inc
ADDRESS: 8257 New Cut Road
Severn, Md. 21144

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RET'D. | PAID OUT |
|---|---|---|---|---|---|---|

| QTY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| | 2003 Gradeall & Tow | | |
| | 5th Wheel Tandem Black | | |
| | VIN 10HAD1D61100245 | | 699 00 |
| | | | 3497 50 |
| | Maryland Title Tax | | |
| | Maryland Title | 20 — | |
| | Record Lien | 20 — | |
| | Surcharge | 8 — | |
| | 60 day Temp. Tag | 15 — | |
| | 30 yd Roll on & Tag | 87 25 | |
| | Title Service | 40 — | |
| | Md. Title Tag | | 190 30 |
| | | | 7535 — |
| | Down Payment | | 60 — |
| | | TAX | |
| | | TOTAL | 7475 — |

RECEIVED BY
Bal. to finance

All claims and returned goods must be accompanied by this bill. Thank you

PRODUCT 610
18490            To Reorder: 800-225-6380 or nebs.com

**EXHIBIT A**

# BILL OF SALE

On this 16th day of May, 2012 and in consideration of the sum of $1000.00 (One thousand dollars and no cents)

the following is sold in "as is condition", with no warranty implied or expressed for "parts only" and is not intended to be retitled:

### 2001- 27 foot 9 Ton Hudson Construction Trailer

### VIN # 10HHTD1D611000475

SIGNED BUYER: _____  DATE 5/16/12   Paid $2500.00

SIGNED SELLER: _____  DATE: 5/16/12

Dale S. West- Co Director of Maryland Construction & Equipment Services, Inc. by POA and on authority of Bradford Alan West.

EXHIBIT B

| | | |
|---|---|---|
| BRADFORD WEST | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| DALE WEST | * | ANNE ARUNDEL COUNTY |
| Defendant | * | Case No: 02-C-11-162366 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## JUDGMENT OF ABSOLUTE DIVORCE

This matter having come before the Court on May 23, 2012, and the parties having entered into a settlement agreement as placed on the record and testimony having been taken in, it is this **28** day of **JUNE** 2012, by the Circuit Court for Anne Arundel County hereby:

**ORDERED** that Plaintiff, **BRADFORD WEST**, be and hereby is granted an absolute divorce from Defendant, **DALE WEST**; and it is further

**ORDERED** that a Trustee shall be appointed by this Court in a subsequent Order, and shall have full power to sell the parties home located at 8257 New Cut Road, Severn, Maryland 21144, and the items listed on the attached Exhibit A, as set forth in the Maryland Rules and the Annotated Code of Maryland for judicial sales; and it is further

**ORDERED** that Plaintiff shall take possession of the shed located at the marital home after the contents of the shed are auctioned off by the Trustee; and it is further

**ORDERED** that Defendant shall provide to Plaintiff copies of any and all corporate records of Maryland Construction & Equipment Services, Inc. within thirty days of May 23, 2012; and it is further

EXHIBIT C

**ORDERED,** that Plaintiff designate Defendant as a 50% beneficiary of the proceeds of his policy of life insurance that he currently has with Allstate and which has a policy number of 798589233C; and it is further

**ORDERED,** that Defendant designate Plaintiff as a 50% beneficiary of the proceeds of her policy of life insurance that she currently has with Allstate and which has a policy number of 79858924; and it is further

**ORDERED,** that the parties place their respective life insurance policies in an Irrevocable Trust and shall continue to identify the other as a 50% beneficiary of the proceeds of the policy placed into the Irrevocable Trust; and it is further

**ORDERED,** that upon the death of a party, the surviving party may change the beneficiary of his or her policy; and it is further

**ORDERED,** that the parties are responsible to maintain their respective policy placed in the Irrevocable Trust, and shall pay all premiums due so that no lapse in coverage occurs; and it is further

**ORDERED,** that if a party fails to pay the premium due to ensure that coverage is maintained, then the other party may pay the premium and shall send notice giving the other party 30 days to reimburse that party; and it is further

**ORDERED,** that if one party pays the premium due on the other party's policy, and gives notice that is not cured within 30 days, then that party shall be awarded attorneys fees necessitated by any attempts to get the default party to meet his or her obligation pursuant to this Order, including, but not limited to, attorneys fees incurred by virtue of a filing of a Petition for Contempt; and it is further

ORDERED, that the parties and any of his or her respective heirs, successors and assigns shall execute any documents needed to effect their intent, as stated on the record, to provide the other with 50% of any proceeds that are payable upon the death of a party pursuant to his or her life insurance policy described in this Judgment; and it is further

ORDERED, that Defendant is hereby allowed to resume the use of her maiden name of Dale Sterlyn Elliott; and it is further

ORDERED that the parties are denied alimony by virtue of their respective express waivers thereof; and it is further

ORDERED that the provisions in this Judgment shall be subject to further Order of this Court.

---
Michael Wachs
JUDGE, Circuit Court for Anne Arundel County

STATE OF MARYLAND, Anne Arundel County,

I hereby certify that the foregoing is a true copy of the Order in the above entitled case in the Circuit Court for Anne Arundel County.

In Testimony Whereof, I hereto set my hand and affix the seal of the Circuit Court for Anne Arundel County this __12th__ __day of__ __July,__ __2012__.



_Robert P Duckworth_
Clerk of the Circuit Court for Anne Arundel Count

## EXHIBIT A

Airco welder
Air compressor
Battery charger
Battery power grease gun
Cordless drill
Gloves, straps, rags
Large c clamps
Welding tools/gear
Spot blaster
Automatics for paver
Bench grinder
Boxes of grinding wheels, sanding disks, and cut off wheels
Paint gun
Combination creeper/stool
Jack stands
Vice
Retractable air hose
Dewalt radio
Dewalt charger and batteries
Dewalt grinder and sander
2 air nail guns
Skill circular saw
Nut and bolts organizer-full of nuts and bolts
2 gray large storage cabinets
Stainless steal toolbox and contents
2 portable band saws
2- 4 inch grinders
Red craftsman tool box-full of hand tools
Measuring wheel
Tool bags with tools
ElectRical connection kit
Shop-vac
Porta power kit
Generator
Ged wooden tool box with misc. tools
Propane heater
Diehard battery charger
Propane crab steamer
Table saw
Infra red grill
Aluminum organizer on wall
2005 hudson trailer 20,000 lbs
1995 ford e-350 diesel service truck with misc. construction tools

- Wacker roller pallets of granite
- Gang box
- Bob cat bucket belongs to Pat Beatty
- 6 and 8 ft. fiberglass ladders
- Husky aluminum pick up truck tool box
- Stainless steal wheel covers
- Cutting torches and bottles
- 2 pressure washers
- Welding leads
- Plate compactor
- Shelving
- Gun safe
- Knife collection
- 20 plus rare silver dollars
- 100s of silver dimes

# GMail

Dale West <dalewest61@gmail.com>

## Sale of remaining assets

Cathy <cathywest30@yahoo.com>  
To: Dale West <dalewest61@gmail.com>

Mon, Mar 18, 2013 at 5:53 PM

I want to tag n title and they took a copy of Brad's will, marriage certificate and death certificate. I had to apply for a new title in my name. I had to pay $137.14 for the new title. I will get the new title within 5-7 business days. What are you asking for the 95 ford diesel truck, with tools in it? I would like to see the stuff that you still have that you are saying is junk, so that I can make my own judgement and opinion on the stuff.

Cathy.

Sent from my iPhone  
[Quoted text hidden]

```
          12 MINUTE TAG AND TITLE
             7300 RITCHIE HWY
            GLEN BURNIE, MD 21061
                                              11:11:32
      12 Minute Tag & Title               002413316
      7300 Ritchie Hwy Ste 100             03591029
      Glen Burnie MD 21061
      Phone 410-553-0870

              THANK
              YOU!!
                                             XXXX3249
                                              0003
    03/18/2013 10:25AM      01                000393
    000000#8482       CLERK01                 460163
                                              Swiped
    MVA/TX/TRV           $115.25              Online
    MVA ARCHIVE            $1.89
    TITLE WORK            $20.00            $137.14

    LIENS         30
    CHARGE      $137.14
```

# Gmail

Dale West <dalewest61@gmail.com>

## Sale of remaining assets

**Dale West** <dalewest61@gmail.com>  
To: Cathy <cathywest30@yahoo.com>

Mon, Mar 18, 2013 at 7:55 PM

You didn't need to put it in your name. All you had to do was send the original title Brad had. It was a company trailer, not his personal trailer. Brad had possession of the original signed title in the divorce stuff. He took it from the Lawyers office when we did the paperwork on the trucks. Ok send it as soon as you get it. I'll let the buyer know.

I started at $3000.00 but no one wants it for that much. It's too old and too high mileage. It's over 219K miles. It isn't running right now either and has sat so long it's rusting out and the lock on the back door is rusted locked. I'm waiting to hear from someone else too in case I can't get a hold of the first guy.

I'll send you pictures of it.

Dale  
[Quoted text hidden]

---

📎 Bill of sale for mcesi purchase of 27 ft trailer..pdf  
149K

**EXHIBIT E**

# GMAIL

Dale West <dalewest51@gmail.com>

## What is the problem?

Dale West <dalewest51@gmail.com>                                         Sun, Mar 31, 2013 at 10:30 AM
To: Cathy <cathywest30@yahoo.com>

You told my attorney you would cooperate so I could get this trailer deal wrapped up and sold per the JOAD, now you are refusing to cooperate. What is the problem?

The buyer wants his trailer. It's time for you to cooperate like you told my Attorney you would and send me the title so I can get this trailer deal finished.

It only takes a day to go from Glen Burnie to Severn, so I should have it no later than Wednesday, since Monday is a holiday for Easter.

Awaiting your response...

Dale

**EXHIBIT F**